# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MATRIX CHEMICAL, LLC | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-779 |
| | § | Judge Mazzant |
| FEDEX FREIGHT, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand Action to State Court (Dkt. #5). Having considered the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On September 23, 2015, Plaintiff Matrix Chemical, LLC filed its original petition in the County Court of Law No. 2 of Collin County, Texas, alleging claims of conversion and seeking a declaratory judgment (Dkt. #1-5). On November 4, 2015, Defendant FedEx Freight, Inc. ("FedEx") filed its answer, and asserted a defense under 49 U.S.C. § 14706 (the "Carmack Amendment") (Dkt. #1-6). On November 6, 2015, FedEx filed its Notice of Removal, asserting federal jurisdiction under 28 U.S.C. §§ 1331, 1337 and 49 U.S.C. § 14706 (Dkt. #1).

On December 4, 2015, Plaintiff filed its Motion to Remand Action to State Court (Dkt. #5). On December 17, 2015, FedEx filed its response (Dkt. #7). On December 22, 2015, Plaintiff filed its reply (Dkt. #8).

## LEGAL STANDARD

28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,

876 F.2d 1157, 1160 (5th Cir. 1989) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987); 28 U.S.C. § 1441). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Lines Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22.

A state court lawsuit is removable to federal court if it includes a claim arising under federal law. 28 U.S.C. §§ 1441 and 1331. Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Under the well-pleaded complaint rule, federal question jurisdiction depends on whether "there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner,* 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (citation omitted). "It is well settled that the party who brings the suit is the master of what law he will rely upon." *Id.*

Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392; *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "Where, however, the plaintiff's well-pleaded complaint establishes that federal law creates the cause of action, the case 'arises under' federal law, conferring jurisdiction on the federal courts." *Payton v. GC Servs. Ltd. P'ship*, No. 3:08-CV-1967-G, 2009 WL 235196, at *2 (N.D. Tex. Feb. 2, 2009). "Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims,…even if it dismisses or otherwise disposes of

the federal claim or claims." *Giles v. NYLCare HealthPlans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).

In this case, removal was not based upon diversity of citizenship, but was based upon a federal statute, 49 U.S.C. § 14706, or the Carmack Amendment. Pursuant to 28 U.S.C. § 1337(a), this Court has original jurisdiction over civil actions arising under any Act of Congress regulating commerce, such as the Carmack Amendment, if the amount in controversy exceeds $10,000. Section 1337(a) provides as follows:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a).

## ANALYSIS

Plaintiff raises two arguments in support of their remand motion. First, Plaintiff argues that the amount in controversy does not exceed $10,000 as required by 28 U.S.C. §§ 1337 and 1445(b) (*See* Dkt. #5). Second, Plaintiff asserts that removal cannot be based upon the preemption of the state law claims by the Carmack Amendment (*See* Dkt. #5).

Pursuant to 28 U.S.C. § 1337(a), federal question jurisdiction under the Carmack Amendment usually exists for claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." However, the amount in controversy requirement does not depend on the amount on the face of the receipt or bill of lading. *Simmons v. United Parcel Serv.*, 924 F. Supp. 65, 67 (W.D. Tex. 1996). "If the shipment generates a controversy exceeding $10,000, the claim satisfies the $10,000 jurisdictional requirement." *Id.* (citing *Pillsbury Co. v. Atchison, Topeka and Santa Fe Ry. Co.*, 548 F. Supp. 28, 30 (D. Kan.

1982)).  Plaintiffs state in their state court petition that FedEx's invoice to Plaintiff amounts to $12,364.00 (*See* Dkt. #1-2 at p. 4).  Therefore, the Court finds that this satisfies the $10,000 amount in controversy requirement of §§ 1337 and 1445.

Plaintiffs next challenge the removal as being improper because it is based on a defense of preemption of their state law claims by the Carmack Amendment.  "[T]he Supreme Court has held that a case may not be removed to Federal Court on the basis of a federal defense, including that of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Simmons*, 924 F. Supp. at 67 (citing *Caterpillar, Inc.*, 482 U.S. at 393).  However, the Supreme Court also noted that under the "complete pre-emption doctrine," when an area of state law has been completely pre-empted, any claim purportedly based upon that pre-empted state law is considered a federal claim, and would therefore arise under federal law.  *Id.*  Both the Supreme Court and the Fifth Circuit have held that the Carmack Amendment preempts all state law claims against a common carrier.  *Simmons*, 924 F. Supp. at 67; *see Adams Express Co. v. Croninger*, 226 U.S. 491 (1912); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir. 1993) (district court correctly held that the Carmack Amendment preempted plaintiff's state law claims for, *inter alia*, breach of contract and breach of the Texas Deceptive Trade Practices Act.); *see also Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003).  Therefore, the "complete pre-emption" doctrine applies, and FedEx's removal on that basis was proper.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand Action to State Court (Dkt. #5) is hereby **DENIED**.

**SIGNED this 21st day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE